UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL McCOY, II,

        Plaintiff,

v.

ANDREW SAUL, COMMISSIONER,

        Defendant.

**Hon. Hugh B. Scott**

**18CV1136**

**CONSENT**

**Order**

Before the Court are the parties' respective motions for judgment on the pleadings (Docket Nos. 10 (plaintiff), 11 (defendant Commissioner)). Having considered the Administrative Record, filed as Docket No. 8 (references noted as "[R. __]"), and the papers of both sides, this Court reaches the following decision.

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security that plaintiff is not disabled and, therefore, is not entitled to disability insurance benefits and/or Supplemental Security Income benefits. The parties consented to proceed before a Magistrate Judge (Docket No. 13).

## PROCEDURAL BACKGROUND

The plaintiff ("Michael McCoy II" or "plaintiff") filed an application for disability insurance benefits on July 24, 2014, for disability benefits and January 5, 2015, for Supplemental Security Income benefits [R. 19]. That application was denied initially. The plaintiff appeared

before an Administrative Law Judge ("ALJ"), who considered the case de novo and concluded, in a written decision dated July 5, 2017, that the plaintiff was not disabled within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Commissioner on August 23, 2018, when the Appeals Council denied plaintiff's request for review.

Plaintiff commenced this action on October 3, 2018 (Docket No. 1). The parties moved for judgment on the pleadings (Docket Nos. 10, 11), and plaintiff duly replied (Docket No. 12). Upon further consideration, this Court then determined that the motions could be decided on the papers.

## FACTUAL BACKGROUND

Plaintiff, an eighteen-year-old as of the onset date of December 7, 2013, with a high school education, had no relevant work, with unsuccessful attempts at obtaining employment [R. 19, 21, 26, 25-26]. Plaintiff has impairments deemed severe by the ALJ of lumbago, cervicalgia, post-concussion syndrome with associated migraine headaches [R. 21]. He also claims impairments from right ankle sprain, left shoulder pain, but the ALJ found scant references to significant symptoms or notable treatment for these ailments in the medical record [R. 22].

## MEDICAL AND VOCATIONAL EVIDENCE

Plaintiff complained of neck and back pain and post-concussion headaches, reporting to Kenmore Mercy Hospital in December 2013 with those conditions and right ankle pain following a motor vehicle collision [R. 255-60, 24]. Plaintiff was discharged and prescribed Motrin and home instructions for rest, ice, elevation, and compression [R. 260, 24]. The ALJ then noted that plaintiff still complained of neck and back pain but received conservative

treatment for these conditions [R. 24, 264-70, 271-85]. On October 2014, plaintiff was treated by Dr. Winston Douglas for low back pain; the doctor observed lumbar spasms and tenderness on the left side but no spinal process tenderness or disc bulge [R. 287-89, 24]. Dr. Douglas prescribed Tylenol #3 and chiropractic treatment [R. 287-89, 24]. Plaintiff then had chiropractic treatments in 2014-15 [R. 24, 337-69]. A November 2016 physical examination revealed moderate amount of muscle tightness, thoracic and lumbar musculature bilaterally, with very intense pain and discomfort at multiple levels with palpation and some mild tissue swelling [R. 24, 376]. On December 2016, plaintiff returned to Dr. Douglas with complaints of back pain and headaches, with the doctor adding a prescription for Zanaflex [R. 24, 378].

Dr. Donna Miller conducted a consultative examination of plaintiff in November 2014 and the ALJ found the examination was largely unremarkable [R. 24-25, 310-14]. Dr. Miller opined that plaintiff had mild limitations for heavy lifting, bending, kneeling, overhead reaching, and pushing [R. 25, 314]. The ALJ gave Dr. Miller's evaluation some weight, noting that "while I find Dr. Miller's opinion does not adequately reflect the full extent of the claimant's physical limitations, it is nonetheless fairly consistent with the substantial evidence of record in indicating the claimant is not profoundly limited and certainly remains capable of preforming a reduced degree of light level activity consistent" with the residual functional capacity [R. 25].

The ALJ then gave little weight to treating sources physician's assistant Mary Remollino of Dr. Douglas' office [R. 304-05, 25] and chiropractor Dr. William Owens, Jr. [R. 339, 25] because they stated plaintiff's disability in conclusory or vague terms, lacking a functional analysis, and that these two were not acceptable medical sources under Social Security

3

regulations [R. 25]. The ALJ found that P.A. Remollino and Dr. Owens lacked objective medical evidence to support their findings [R. 25].

Plaintiff testified that he attempted to work at jobs requiring either prolonged standing or sitting but he could not, due to his back pain [R. 50-51, 53, 55] (see Docket No. 10, Pl. Memo. at 9-10). He testified that he could walk for 20-25 minutes before feeling soreness, weakness, and throbbing pain [R. 61] (see id. at 10). Plaintiff then would have to sit but could not sit for too long then he would get pain causing him to need to walk [R. 61-62] (see id.).

Given plaintiff's treatment through medication, physical and chiropractic therapies, the ALJ concluded that the record "simply [did] not establish physiological abnormalities which would limit the claimant's daily activities to a disabling degree alleged, or preclude the claimant from performing at the residual functional capacity" [R. 25]. The ALJ accepted plaintiff's own statements of his ability to perform self-care tasks and light housework and shopping to suggest function that is "not entirely inconsistent with" the residual functional capacity [R. 25].

The ALJ found that plaintiff now had a residual functional capacity ("RFC") to perform light work, except that he can occasionally lift and carry 20 pounds, frequently lift 10 pounds; he can sit up to 6 hours and stand/walk up to 6 hours in and 8-hour workday, but must be allowed to stand, walk or stretch for one minute after 30 minutes of sitting, during which time he would be off-task, and must also be allowed to sit for up to 30 minutes after 20 minutes of standing or walking, during which time he would remain on task. Plaintiff can occasionally climb ramps or stairs, but can never climb ladders, ropes, or scaffolds. He can never crawl, but can frequently stoop, kneel, and crouch. Plaintiff can tolerate only occasional exposure to loud noises but can have no exposure to excessive vibration or to bright or flashing lights. [R. 22,

4

26.] (See Docket No. 10, Pl. Memo. at 13-14.) The ALJ found that the medical evidence showed that plaintiff suffered from physical impairments which limited him to some degrees but "substantial evidence of record [did] not establish that the claimant is so profoundly limited in activities such as light level lifting or carrying or ambulation as to preclude him from performing work activities consistent with" the RFC [R. 23].

Given that RFC a vocational expert opined that a hypothetical claimant with plaintiff's age, education, work experience and RFC could perform light exertion occupations such as laundry folder, information clerk, office helper, or mail clerk [R. 26]. Accepting this opinion, the ALJ concluded that plaintiff was not disabled [R. 27].

## DISCUSSION

The only issue to be determined by this Court is whether the ALJ's decision that the plaintiff was not under a disability is supported by substantial evidence. See 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. National Labor Relations Bd., 305 U.S. 197, 229 (1938)).

*Standard*

I.  General Standards—Five-Step Analysis

For purposes of both Social Security Insurance and disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The plaintiff bears the initial burden of showing that the impairment prevents the claimant from returning to his or her previous type of employment. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." Id.; see also Dumas v. Schweiker, 712 F.2d 1545, 1551 (2d Cir. 1983); Parker v. Harris, 626 F.2d 225, 231 (2d Cir. 1980).

In order to determine whether the plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing past relevant work; and

(5) whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; Berry, supra, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends.

20 C.F.R. §§ 404.1520(a) & 416.920(a); Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). However, it should be noted that the ALJ has an affirmative duty to fully develop the record. Gold v. Secretary, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a claimant from performing past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work that has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). When the plaintiff's impairment is a mental one, special "care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g. speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." See Social Security Ruling 82-62 (1982); Washington v. Shalala, 37 F.3d 1437, 1442 (10th Cir. 1994). The ALJ must then determine the individual's ability to return to past relevant work given the claimant's residual functional capacity. Washington, supra, 37 F.3d at 1442.

*Application*

In the instant case, the issue is whether the ALJ had substantial evidence to support the decision rendered denying disability coverage. Plaintiff objects to what he terms the highly specific RFC found by the ALJ, applying a quasi-medical opinion to reach the details for that RFC that is not supported by substantial evidence (Docket No. 10, Pl. Memo. at 1, 12-17). Plaintiff states the only medical opinion of record detailing plaintiff's functional abilities was Dr. Miller's evaluation that did not have the specific sit, stand, and walking findings that the ALJ incorporated into the RFC (id. at 14). The RFC seems to be based upon selective adoption of

plaintiff's testimony (id. at 14-15). The "quick back-and-forth between Plaintiff and the ALJ at the oral hearing does not amount to substantial evidence and thus cannot be the basis for affirming the RFC," Quinn v. Colvin, 199 F. Supp. 3d 692, 713 (W.D.N.Y. 2016) (Wolford, J.) (id. at 16).

Defendant responds that the RFC is supported by substantial evidence and that the ALJ correctly found a restrictive RFC here (Docket No. 11, Def. Memo. at 4, 7-13, 8). Defendant emphasized that the RFC here was "highly restrictive" (id. at 8, emphasis removed), recognizing and accommodating significant abnormality from performance of light work (id. at 8). Refuting plaintiff's contention that the RFC was not supported by a medical opinion, defendant argues that Dr. Miller's consultative evaluation found only mild limitations for heavy lifting, bending, kneeling, overhead reaching, and pushing, given some weight by the ALJ [R. 314, 25] (id. at 9-11). Defendant argues that the ALJ acted within his discretion to evaluate plaintiff's testimony and "render an independent judgment in light of the medical findings and other evidence regarding the true extent of symptomatology" (id. at 13).

Plaintiff replies that this highly specific RFC was based solely upon the ALJ's quasi-medical judgment and without medical record to support it (Docket No. 12, Pl. Reply Memo. at 1-2). There is no functional analysis in the medical record to justify the specific functional findings made by the ALJ (id. at 1-2).

Defendant and the ALJ emphasize that plaintiff's examinations were normal (Docket No. 11, Def. Memo. at 8) [R. 24]. Yet, the ALJ added additional conditions to the RFC for performing light work. The issue is where in the record the ALJ found the basis for such conditions. As plaintiff notes, the only medical opinion on his functioning is Dr. Miller's

8

evaluation. The stand/sit option portion of the RFC seems to derive from plaintiff's own testimony about his inability to stand or sit for prolonged periods without required changes in position [R. 61-62] (cf. Docket No. 10, Pl. Memo. at 14-15). Defendant cites to the summary Order in Matta v. Astrue, 508 F. App'x 53, 56 (2d Cir. 2013), that an ALJ's opinion need not "perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole" (Docket No. 11, Def. Memo. at 9, 11). The problem here, however, is the lack of medical evidence aside from the one medical evaluation to justify the RFC. In Matta, there were four medical sources that rendered findings and opinions referenced by that ALJ, id. at 56, and that ALJ took those sources into consideration in finding the RFC there, id. Here, there is no reference by the ALJ to justify the specific aspects of the RFC. In Phillips v. Commissioner, No. 17CV886, Docket Nos. 19 (W.D.N.Y. Nov. 28, 2018 [oral decision]), 27 (transcript of Nov. 28, 2018, decision at 19-20), this Court remanded that case due to a similar specific RFC where there was insufficient evidence to support those specific findings. While attempting to accommodate an abnormality for otherwise being able to perform light work, there must be a factual basis in the record for the accommodation. They cannot be based upon accepting portions of plaintiff's testimony where the ALJ also found that his statements concerning the limiting effects of plaintiff's symptoms are not consistent with the medical evidence [R. 23]; there needs to be medical evidence to justify the eventual RFC assessment. As a result, plaintiff's motion (Docket No. 10) is **granted**.

## CONCLUSION

For the foregoing reasons, plaintiff's motion (Docket No. 10) judgment on the pleadings is **granted**, and defendant's motion (Docket No. 11) for judgment on the pleadings is **denied**. Thus, the decision of the defendant Commissioner is **vacated and remanded** for further proceedings consistent with the above decision to find additional facts, pursuant to sentence four of 42 U.S.C. § 405(g), see Curry v. Apfel, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of the Court shall close this case.

So Ordered.

*s/Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
February 19, 2020